UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ICE CREAM LIQUIDATION, INC., formerly known as Fieldbrook Farms, Inc., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LAND O'LAKES, INC; DAIRY FARMERS OF AMERICA, INC., ASSOCIATED MILK PRODUCERS, INC.; GRASSLAND DAIRY PRODUCTS, INC.; KELLER'S CREAMERY LLC; LEVEL VALLEY CREAMERY, INC.; AND MADISON DAIRY PRODUCE COMPANY;<br><br>Defendants. | CIVIL ACTION NO. 302-CV-377 (**WWE**)<br><br>June 7, 2004 |

**PLAINTIFF'S MOTION AND PROPOSED ORDER FOR
APPROVAL OF SETTLEMENT OF PLAINTIFF'S INDIVIDUAL CLAIM**

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiff Ice Cream Liquidation, Inc. moves for an order approving the settlement of Plaintiff's individual claim against Defendants Land O'Lakes, Inc., Dairy Farmers of America, Inc., Associated Milk Producers, Inc., Keller's Creamery, LLC and Madison Dairy Produce Company (hereinafter "Defendants").[1] In support thereof, Plaintiff submits and attaches the parties' Joint Statement in Support of Settlement ("Joint Statement") and the parties' Confidential Settlement Agreement

---

[1] Plaintiff voluntarily dismissed Defendant Level Valley Creamery, Inc. from this action four months after the complaint was filed.

and General Release ("Settlement Agreement") attached as Exhibit B to the Joint Statement. No class has been certified in this action.

In support of its motion, Plaintiff states as follows:

1.  Plaintiff is a debtor in a Chapter 11 Bankruptcy Proceeding, Case No. 01-34624, in the United States Bankruptcy Court, District of Connecticut.

2.  On February 28, 2002, the Bankruptcy Court granted Plaintiff's application to employ Schatz & Nobel, P.C. as special litigation counsel with respect to Plaintiff's antitrust claims against Defendants.

3.  Plaintiff filed this action on March 1, 2002, alleging that Defendants conspired to fix and did fix the prices of wholesale milk, cream and butter in violation of §1 of the Sherman Antitrust Act, 15 U.S.C.§1, from November 2, 2000 to September 14, 2001 ("the Class Period"). During the class period Plaintiff was an ice cream manufacturer.

4.  The parties began discussing settlement in September 2003, after Defendants' motion to dismiss was denied and on the eve of entering into potentially lengthy and expensive discovery on Plaintiff's motion for class certification which had been filed on April 30, 2002. The class certification issues were never briefed by Defendants, and a hearing was never held. The Court has not ruled on whether this action could be maintained as a class action.

5.  On March 2, 2004, settlement negotiations were mediated by Judge Nicholas Politan, a former federal judge and experienced mediator. At the end of a day of hard bargaining, only a small gap remained between the parties' positions, and that difference was resolved shortly thereafter. The Parties then entered into the Settlement Agreement. Joint Statement, Exh. B.

6.  Since no class has been certified, there is no *res judicata* effect with respect to the

uncertified class. The Court need only consider two factors in determining whether to grant dismissal: a) whether the dismissal is the product of collusion; and 2) whether dismissal would prejudice other class members. See Joint Statement at 4-5.

7.  The Settlement Agreement is not the product of collusion, as evidenced by the following:

a.  The individual settlement is financially disadvantageous to Plaintiff's attorneys who would have been better off if there were a classwide settlement. The recovery of attorneys' fees is limited to one third of the settlement proceeds net of expenses. Since the settlement is individual and not classwide, the proceeds are much smaller than anticipated, and a third (net expenses) does not even cover the fees incurred at regularly charged rates. Plaintiff's attorneys seek $402,239 in attorneys' fees, which represents one third of the recovery net of expenses. The attorneys' fees actually incurred were $533,958.93 at Plaintiff's attorneys' regular hourly rates. The reduction in attorneys' fees makes it clear that there was no collusion. Plaintiff's attorneys' also seek reimbursement of their expenses incurred of $43,282, which are not subject to reduction. See Joint Statement at 5-6 and attached Declarations of Robert Izard and John Carberry, (Exhibits C and D thereto) for a description of expenses and fees incurred by Schatz & Nobel, P.C. and by the law firm of Cummings & Lockwood who assisted Schatz & Nobel, P.C..

b.  Plaintiff, the bankruptcy debtor, is no longer involved in ice cream manufacture, and does not purchase milk, cream or butter from defendants or any other producers. Therefore, there was no collusion, or any incentive to collude, for the purpose of obtaining any advantages in any supply relationships with defendants or any milk, cream or butter producers. Moreover, the settlement has been reviewed and approved by both the counsel to the Debtor and counsel to

the Committee of Unsecured Creditors.

    c.    The settlement negotiations were hard-nosed and were mediated by Judge Nicholas Politan.

    8.    Dismissal will not prejudice the putative class members. Settlement binds only the Plaintiff. Since the limitations period was tolled by the filing of the action, other parties have almost three years to bring an action. Joint Statement at 6-7.

    9.    Defendants do not oppose this motion.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its motion for approval of the Settlement Agreement.

DATED: June 7, 2004

        Respectfully submitted,

        **PLAINTIFF ICE CREAM LIQUIDATION, INC.**

        By: _____
        Robert A. Izard (ct 01601)
        Andrew M. Schatz (ct 00603)
        Barbara F. Wolf (ct 19107)
        **SCHATZ & NOBEL, P.C.**
        One Corporate Center - Suite 1700
        20 Church Street
        Hartford, CT 06103
        Phone: 860.493.6292
        Fax: 860.493.6290

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ICE CREAM LIQUIDATION, INC., formerly known as Fieldbrook Farms, Inc., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LAND O'LAKES, INC; DAIRY FARMERS OF AMERICA, INC., ASSOCIATED MILK PRODUCERS, INC.; GRASSLAND DAIRY PRODUCTS, INC.; KELLER'S CREAMERY LLC; LEVEL VALLEY CREAMERY, INC.; AND MADISON DAIRY PRODUCE COMPANY;<br><br>Defendants. | CIVIL ACTION NO. 302-CV-377 (**WWE**) |

### ORDER

Upon the Plaintiff's Agreed Motion and Proposed Order for Approval of Settlement of Plaintiff's Individual Claim with attached Settlement Agreement, filed by Plaintiff, the Court finds:

1. That the attorneys fees and expenses requested by Plaintiff's Counsel of $402,239 in attorneys' fees, being one third of the settlement proceeds net of expenses, and expenses of $43,282, are fair and reasonable and not evidence of collusion.

2. Dismissal of this Action will not prejudice the putative class members.

Accordingly,

IT IS HEREBY ORDERED AS FOLLOWS:

That the Settlement Agreement is hereby approved.

_____
Honorable Warren W. Eginton
United States District Court Judge

Dated this __ day of _____, 2004

## CERTIFICATE OF SERVICE

This is to certify that on this 7th day of June, 2004, a copy of the foregoing Plaintiff's Motion and Proposed Order for Approval of Settlement of Plaintiff's Individual Claim dated June 2, 2004 was sent, via U.S. Mail, to the attached Service List.

*Barbara F. Wolf*
Barbara F. Wolf

Service List

Robert G. Oliver
Carolyn P. Gould
David J. Crotta
MULVEY OLIVER & GOULD
83 Trumbull Street
New Haven, CT 06511

Nathan P. Eimer
Lisa S. Meyer
Adam B. Deutsch
EIMER STAHL KLEVORN & SOLBERG
122 S. Michigan Avenue, Suite 1776
Chicago, IL 60603

**Attorneys for Land O'Lakes, Inc. and Madison Dairy Produce Company**

E. Parry Warner
William J. Leonard
Mathieu J. Shapiro
H. David Seidman
OBERMAYER REBMANN MAXWELL &
    HIPPEL, LLP
One Penn Center, 19th Floor
John F. Kennedy Boulevard
Philadelphia, PA 06511-3774

Robert L. Keepnews
Kristin P. Mayhew
PEPE & HAZARD LLP
30 Jelliff Lane
Southport, CT 06490

**Attorneys for Dairy Farmers of America, Inc. and Keller's Creamery, LLC**

Teresa E. O'Halloran, Esq.
Carol S. Dittmar, Esq.
GARVEY, ANDERSON, JOHNSON, GERACI & MIRR, S.C.
402 Graham Avenue
P.O. Box 187
Eau Claire, WI 54702-0187

Thomas F. Maxwell, Jr.
PULLMAN & COMLEY
850 Main Street, PO Box 7006
Bridgeport, CT 06601-7006

**Attorneys for Grassland Dairy Products, Inc.**

C. Thomas Wilson
GISLASON & HUNTER, LLP
2700 South Broadway
P.O. Box 458
New Ulm, MN 56073

**Attorneys for Associated Milk Producers, Inc.**